GEORGE S. NEUMAN and GLORIA NEUMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neuman v. Commissioner
Docket No. 39514-85.
United States Tax Court
T.C. Memo 1986-329; 1986 Tax Ct. Memo LEXIS 278; 51 T.C.M. (CCH) 1645; T.C.M. (RIA) 86329; July 30, 1986. Jan S. Neiman, for the petitioners. William V. Spatz, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed on December 19, 1985. The issue *279 is whether petitioners timely filed their petition with this Court as required by section 6213 [1] and Rule 13(c). A hearing on the motion was held in Miami, Florida on April 28, 1986. At the conclusion of the hearing, the Court took the motion under advisement. By notice of deficiency dated July 2, 1985, respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6659
Sec. 6661
1980
$44,241.46
1981
104,683.00
$24,814.00
1982
101,458.00
23,655.00
$3,751.00
The notice of deficiency was mailed by certified mail to petitioners' last known address pursuant to section 6212, at 1500 Northwest 203rd Street, Miami, Fla. 33169. Under section 6213(a) [2] and Rule 13(c), a petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. If the petition is not filed within the prescribed time, it must be dismissed for lack of *280 jurisdiction. ; . The 90th day after the mailing of the notice of deficiency was Monday, September 30, 1985, which date was not a legal holiday in the District of Columbia. The petition herein was dated September 27, 1985, within the 90-day period. The envelope in which the petition was mailed was properly addressed, postage prepaid, and bears a private postage meter stamp date of September 27, 1985. The petition was received by the Court on October 28, 1985, the 118th day, and filed on that date. In order to be timely filed under section 6213(a), a petition must be received by the Tax Court in Washington, D.C., on or before the 90th day. The petition is *281 thus deemed filed on the date of receipt. However, section 7502(a) provides that if the envelope or wrapper containing the petition is delivered by United States mail after the expiration of the 90-day period, but contains a United States postmark bearing a date which falls within the 90-day period, the date of that postmark is deemed to be the date of delivery. In that situation, the petition is deemed filed when postmarked. Under section 7502(a), then, if the petition in this case had contained a United States postmark date of September 27, 1985, the petition would have been timely filed no matter when received at the Court. It is the date of the United States postmark, not the date on which an envelope is actually placed in a United States mailbox, which is the date of filing under section 7502(a). . Where an envelope bears a private metered mail stamp, as in this case, section 7502(b) applies. That section provides that the Secretary of the Treasury may prescribe regulations regarding the extent to which section 7502 shall apply to postmarks not made by the U.S. Postal Service. Section 301.7502-1(c)(1)(iii) *282 (b),[3] Proced. & Admin. Regs., sets forth the conditions under which section 7502 applies to privately metered mail. Under the regulation, if petitioners' envelope, which contains a private postmark bearing a date within the 90-day filing period, was received no later than the ordinary delivery time for mail postmarked at the same place of origin by the United States Postal Service, the petition will be considered timely filed. However, if that envelope was received later than the ordinary delivery time for documents so mailed and so postmarked by the United States Postal Service, it will be considered timely only if petitioners can prove three things: (1) that the envelope was actually deposited in the mail before the last pick-up from that mailbox on September 30, 1985; (2) that the delay in receiving the petition was due to a delay in the transmission of the mail; and (3) the cause of delay. *283 At the outset, we note that this regulation has been held to be valid. See , affg. a Memorandum Opinion of this Court; , affd. per curiam . Whether a petition is received at the Tax Court in the ordinary delivery time is a factual question. ; . At the hearing on this motion, respondent introduced evidence that a piece of mail dropped in United States Postal Service depositories in Miami, Fla., on September 27, 1985, should have been received by the Tax Court in Washington, D.C. in about six days. James T. Doran, Quality Control Manager at the United States Postal Service General Mail Facility in Miami, Fla., testified for respondent on this point, and described the various tests monitored by his unit to measure delivery time. According to Mr. Doran, of the mail dropped in mailboxes in Miami on September 27, 1985, 13 percent was received in Washington, D.C. by September 28, 1985; *284 70 percent by September 30, 1985; 82 percent by October 1, 1985; 89 percent by October 2, 1985; and 100 percent by October 3, 1985. On cross-examination by petitioners' counsel, Mr. Doran admitted that occasionally a letter might get lost, and that there is a degree of error in the testing. We are satisfied, however, that the normal delivery time for a letter mailed on September 27, 1985 from Miami to Washington, D.C. would be about 5 or 6 days. In any event, there is no evidence that the normal delivery time would be 31 days, as petitioners apparently would have us believe. We therefore find that the petition herein was delivered after the time when a document so mailed and so postmarked would have ordinarily been received. [4]
*285 Since petitioners' envelope was not received within the ordinary time for delivery, they must establish that it was actually mailed on or before September 30, 1985, that the delay in receipt was caused by the mails, and the cause of the delay. The burden of proof as to these facts is on the petitioners. ; Rule 142. Petitioners attempted to show that the petition was actually mailed on September 27, 1985, through the testimony of their Certified Public Accountant, Mr. Infeld, and his secretary, Ms. Stead. Mr. Infeld stated that on Friday, September 27, 1985, he had instructed Ms. Stead to mail the petition, telling her that it had to go out that weekend. Ms. Stead testified that she had mailed it that day by taking it to the post office and dropping it in the slot marked "metered mail". This testimony is clearly self-serving in nature, and is insufficient to convince us that the petition was actually mailed on September 27, 1985. Both Mr. Infeld and Ms. Stead also testified as to a "mailing log" maintained by their office. Although the original of this log book was not brought to the hearing, a copy of the appropriate *286 pages was attached to petitioners' response to this motion to dismiss. The words "U.S. Tax Court - GSN" appear under the date 9-27-85 at the bottom of a column of other entries. This entry appears as if it may have been made at a later time, as the spacing between it and the next date seems cramped and irregular when compared with other entries on the log. Petitioners further attempted to prove that the petition was mailed on September 27, 1985, by citing a section of the Domestic Mail Manual which requires privately metered mail to be postmarked by the U.S. Postal Service if the mailing date is other than that shown on the wrapper. The existence of this manual section (a copy of which is not in evidence) does not alone convince us that such postmarking is normal practice or that the absence of such postmarking is prima facie evidence that the private meter stamp was correct. In fact, the only testimony offered in relation to this manual provision was that of Mr. Doran. He stated that he was not aware of any such requirement and that compliance with it would be almost an impossibility. [5]
*287 In any event, even if we accept petitioners' assertion that the petition was mailed on September 27, 1985, petitioners have not met their burden of establishing that the delay in receipt was caused by the transmission of the mails, or the cause of the delay. We therefore hold that the requirements of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., have not been met. Since the petition will not be considered timely filed, we must grant respondent's motion to dismiss for lack of jurisdiction. We recognize that the result in this case is harsh. [6] However, as the Ninth Circuit stated in , the regulation "leaves no room for exceptions or judicial interpretation." . Taxpayers must comply with every requirement of the regulation, or else we are compelled, as here, to dismiss for lack of jurisdiction. [7]
*288 An appropriate order of dismissal will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 6213(a), which permits the filing of petitions with this Court, provides in part: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *↩
3. In pertinent part, sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., reads as follows: (b)↩ If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * *
4. In other cases, we have declined jurisdiction and held that the mailing period was not ordinary when far shorter time periods were involved. See (13-day mailing period from Daytona Beach, Fla.); (8-day mailing period from Blue Bell, Pa.); (8-day mailing period from Morris, Minn.); (7-day mailing period from Augusta, Ga.); (8-day mailing period from New York, N.Y.).↩
5. The manual section petitioners refer to appears to be the successor of the postal regulation relied on by the taxpayers in , affd. per curiam . That regulation required corrective postmarking by the U.S. Postal Service of wrongly dated metered mail. In Fishman↩ we rejected the taxpayers' argument that the fact that the post office did not change the metered mail postmark was proof that the petition was timely mailed. We stated: "With respect to the postal regulations, the evidence indicates that it is impossible for the Post Office to check every piece of metered mail and correct every erroneous date." . See also .
6. We also recognize, however, that a private postage meter carries with it the potential for abuse by the user, who could apply any postmark he or she needs to establish proper mailing. See , affg. a Memorandum Opinion of this Court; ; ↩
7. Petitioners are of course free to contest respondent's determination after they pay the deficiencies and additions to tax, by filing a claim for refund, and, if necessary, suing to recover the amounts in the United States Claims Court or appropriate district court. See .↩